# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

TRACY L. LEWIS, surviving spouse and )
next kin of BILLY RAY LEWIS, )
                                           Plaintiff, )
v.                                                )     Case No. CIV-09-1311-M

NAVISTAR, INC., a corporation, )
INTERNATIONAL TRUCK AND ENGINE, )
a corporation, and ADRIANNE MARIE GRANT, )
                                     Defendants. )

## ORDER

Before the Court is plaintiff's Motion to Remand and Brief in Support Thereof [docket no. 6], filed December 3, 2009. On December 23, 2009, defendant Navistar, Inc. filed its response, and on January 11, 2010, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

## I. INTRODUCTION

This action, which commenced in the District Court of Oklahoma County, State of Oklahoma, arises from plaintiff's allegations of wrongful death of her husband. Plaintiff brought this action against defendant Adrianne Marie Grant ("Grant") for negligence and against defendants Navistar and International Truck and Engine (collectively referred to as "Navistar"), on a claim of manufacturer's products liability. On November 25, 2009, this action was removed to this Court. Plaintiff now moves to remand the case to the District Court of Oklahoma County, State of Oklahoma.

## II. STANDARD OF REVIEW

It is axiomatic that "the party invoking federal jurisdiction bears the burden of establishing

such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the Court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Furthermore, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).

### III. DISCUSSION

Generally, a defendant may remove to federal district court any action brought in state court so long as the federal district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). In order for a federal district court to have original jurisdiction in a diversity case, the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

This action was removed to this Court based upon 28 U.S.C. § 1441(b) which requires, in part, that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff asserts there is no diversity of citizenship because both plaintiff and defendant Grant are citizens of Oklahoma, thus defeating complete diversity. Defendant Navistar argues, pursuant to 28 U.S.C. § 1332(c)(2), that diversity of jurisdiction exists because, based upon the decedent's citizenship at the time of his death, plaintiff is a citizen of Kansas. Consequently, defendant Navistar maintains that complete diversity of citizenship exists.

In pertinent part, 28 U.S.C. § 1332(c)(2) provides: "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent...." However, in

this case, plaintiff argues that she is not representing Billy Ray Lewis' estate. Rather than bringing the case as a legal representative, plaintiff asserts she is bringing this action as the surviving spouse of the decedent. Therefore, she contends that her citizenship, and not the decedent's, is controlling for diversity purposes. Because she and defendant Grant are Oklahoma citizens, plaintiff maintains no diversity of citizenship exists.

In *Esther v. Wiemer*, 859 P.2d 1140, 1141 (Okla. Civ. App. 1993), the court held "[a]n action brought for injury to the person of a deceased is brought on behalf of his estate. An action for wrongful death under 12 O.S. 1993 § 1053 is for the pecuniary loss sustained by the surviving spouse and children and is for the benefit of the estate." The difficulty in this case lies in that no legal representative was appointed for Billy Ray Lewis' estate because there were no probate assets, and as plaintiff argues, "appointing a Personal Representative would have been a waste of judicial resources and an unnecessary expense to Plaintiff." Reply at 2.

"In determining who may sue in a wrongful death action section 1053 must be read in conjunction with 12 O.S. 1991 § 1054." *Weeks v. Cessna Aircraft Co.*, 895 P.2d 731, 734 (Okla. Civ. App. 1995) (internal citation omitted). "Section 1054 provides for the circumstance where 'no personal representative is or has been appointed.' In such cases, 'the action provided in [section 1053] may be brought by the widow, or where there is no widow, by the next of kin of such deceased.'" *Id.* However, this precedence alone does not resolve the issue of where plaintiff in this case is domiciled for jurisdictional purposes.

In *Tank v. Chronister*, 160 F.3d 597 (10th Cir. 1998), the Tenth Circuit interpreted a Kansas wrongful death statute. The *Tank* Court held "there are two separate and distinct actions that may arise out of a person's death caused by another's negligence. A survival action may be brought only

3

by the estate administrator pursuant to Kan. Stat. Ann. § 60-1901, and only for the purpose of recovering damages suffered by the decedent prior to death. In contrast, a wrongful death action may be brought only by the decedent's heirs-at law pursuant to Kan. Stat. Ann. § 60-1902, and only for their 'exclusive benefit' for damages suffered by them as a result of the wrongful death." *Id*. at 599. (internal citations omitted). The Tenth Circuit reasoned that *"a person given by statute a right to bring an action in his own name because of a decedent's death by reason of his relationship to the decedent (e.g., a widow or child of the decedent); such a person retains such right of access to a federal court as his citizenship gives him.* The imposition upon diversity jurisdiction has been the appointment of out-of-staters to create diversity, and there seems no sufficient reason to cover a person whose right to sue is because of his relationship rather than by appointment." *Id*. at 601. (emphasis in original).

In this case, the Court finds that plaintiff is proceeding under a similar, if not identical, statutory scheme as the *Tank* litigation in that a person of a designated relationship to the decedent, rather than one acting on behalf of distributees of an estate, is given by statute a right to sue in her own name because of decedent's death. The Court finds no reason why plaintiff, acting on her own statutory right to sue, cannot proceed in this action based upon her own citizenship rather than the decedent's. Therefore, the Court finds that plaintiff is a resident of Oklahoma and, therefore, a citizen of Oklahoma.

Even if plaintiff is a citizen of Oklahoma, defendant Navistar asserts diversity of jurisdiction exists because defendant Grant's Oklahoma citizenship is ignored as he has not been served. At the time plaintiff's reply was filed, however, the Court Clerk issued a summons for defendant Grant, who was later served and filed an Answer. Notwithstanding that defendant Grant has been served,

4

defendant Navistar contends that the presence or absence of federal subject matter jurisdiction is evaluated at the time that the notice of removal is filed.

Section 1447 of title 28 of the United States Code governs court procedure after a case is removed.  *See* 28 U.S.C. § 1447.  In pertinent part, this section provides: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Having reviewed the parties' submissions, the Court finds that defendant Grant has been properly served and is a citizen of Oklahoma.  Because plaintiff is also a citizen of Oklahoma, the Court finds that it lacks complete diversity of citizenship which defeats subject matter jurisdiction in this case.

IV.   CONCLUSION

Accordingly, the Court GRANTS the instant motion to remand and REMANDS the instant action to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 13th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE